Shiva Delrahim Beck (SBN 228841)
Email: sbeck@gardere.com
Todd A. Murray (*Pro Hac Vice*)
Email: tmurray@gardere.com
Thomas C. Scannell (*Pro Hac Vice*)
Email: tscannell@gardere.com
Andrew A. Howell (*Pro Hac Vice*)
Email: ahowell@gardere.com
Abigail K. Drake (*Pro Hac Vice*)
Email: adrake@gardere.com
GARDERE WYNNE SEWELL LLP
2021 McKinney Avenue, Suite 1600
Dallas, Texas 75201
(214) 999-3000
(214) 999-4667 (fax)

Attorneys for William M. Aisenberg and Jeffrey Cordes

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SAN FERNANDO VALLEY**

| | |
|---|---|
| In re:<br><br>ICPW LIQUIDATION CORPORATION, a California corporation,[1]<br><br>    Debtor and Debtor in Possession. | Lead Case No.: 1:17-bk-12408-MB<br>Jointly administered with Case No.: 1:17-bk-12409-MB; Chapter 11 Cases<br><br>Adv. Proc. No.: 1:18-ap-01011 |
| In re:<br><br>ICPW LIQUIDATION CORPORATION, a Nevada corporation,[2]<br><br>    Debtor and Debtor in Possession. | **CLAIMANTS AND DEFENDANTS' ORIGINAL ANSWER, SUBJECT TO 12(B)(6) MOTION TO DISMISS, TO PLAINTIFF'S OBJECTION TO CLAIM NO. 7.1 AND CLAIM NO. 8.1 PURSUANT TO FRBP 3007 AND COMPLAINT, WITH AFFIRMATIVE DEFENSES, COUNTER/CROSSCLAIMS AGAINST PLAINTIFF AND DEBTORS, AND MOTION TO STRIKE** |
| Affects:<br><br>☒  Both Debtors<br><br>☐  ICPW Liquidation Corporation, a California corporation<br><br>☐  ICPW Liquidation Corporation, a Nevada corporation. | STATUS HEARING:<br><br>Date:      April 26, 2018<br>Time:     1:30 PM<br>Ctrm:     303<br>            21041 Burbank Blvd.<br>            Woodland Hills, CA 91367 |

---

[1]  Formerly known as Ironclad Performance Wear Corporation, a California corporation.
[2]  Formerly known as Ironclad Performance Wear Corporation, a Nevada corporation.

OFFICIAL COMMITTEE OF EQUITY
SECURITY HOLDERS of ICPW
LIQUIDATION CORPORATION, a Nevada
corporation,

        Objector and Plaintiff,

  -against-

JEFFREY CORDES and WILLIAM
AISENBERG,

        Claimants and Defendants.

Claimants and Defendants Jeffrey Cordes ("Cordes") and William Aisenberg ("Aisenberg") (collectively "Defendants") file this Original Answer, subject to Defendants William Aisenberg's and Jeffrey Cordes' 12(B)(6) Motion to Dismiss and Memorandum in Support [Docket No. 5], to Plaintiff Official Committee of Equity Security Holders of ICPW Liquidation Corporation's ("Plaintiff") Objection to Claim No. 7.1 and Claim No. 8.1 Pursuant to FRBP 3007 and Complaint (the "Complaint") with Affirmative Defenses, Counter/Crossclaims against Plaintiff and Debtors, and Motion to Strike as follows:

## I. INTRODUCTION

1.     Defendants admit that Ironclad Performance Wear Corporation ("Ironclad") owes them six months of severance based on their respective employment agreements. Defendants deny the remaining allegations in paragraph 1.

2.     Defendants admit that they came to Ironclad in 2014 but deny the remainder of sentence 1 in paragraph 2. Defendants deny sentences 2 and 3 in this paragraph. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in sentence 4 of this paragraph (beginning with "In the end"). Defendants deny sentence 5 in this paragraph. Defendants admit that they resigned from Ironclad but deny the remainder of the allegations in sentence 6 of this paragraph. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in

sentence 7 of this paragraph (beginning with "The company"). Defendants deny sentence 8 in this paragraph.

3.      Defendants deny the allegations in paragraph 3.

4.      Defendants deny the allegations in paragraph 4.

## II. JURISDICTION AND VENUE

5.      The allegations of paragraph 5 are legal conclusions to which no response is required.

6.      Defendants admit that venue is proper in this Court under 28 U.S.C. §1409.

## III. PARTIES

7.      Defendants admit the allegations in paragraph 7.

8.      Cordes admits that he is a resident of Southlake, Texas and was the President, Chief Executive Officer, and a Director of Ironclad from February 2014 until he resigned on July 4, 2017. Cordes denies the remaining allegations in paragraph 8. Aisenberg is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

9.      Aisenberg admits that he is a resident of Carrollton, Texas. Aisenberg admits that he resigned as Ironclad's Executive Vice President and Chief Financial Officer on July 4, 2017, but denies the remaining allegations in sentence 2 of paragraph 9. Cordes is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

## IV. THE CORDES AND AISENBERG CLAIM

10.     Cordes admits that on October 3, 2017 he filed Claim 8-1 claiming $150,000.00 in severance pay and $16,906.75 in attorney's fees. Cordes denies that he claims an additional $12,850 in alleged unpaid compensation. Aisenberg is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10.

11.    Aisenberg admits that on October 3, 2017 he filed Claim 7-1 claiming $112,500.00 in severance pay and $16,906.75 in attorney's fees. Aisenberg denies that he claims an additional $12,850 in alleged unpaid compensation. Cordes is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11.[3]

12.    Defendants deny the allegations in paragraph 12.

13.    Defendants deny the allegations in paragraph 13.

14.    Defendants deny the allegations in paragraph 14.

## V. FACTUAL BACKGROUND

15.    Defendants admit that Ironclad's 10-K filed March 18, 2014 reported net sales of $24,530,853 for 2013 and $26,180,114 for 2012, and net income of $560,729 for 2013 compared to $3,078,808 for 2012. Defendants admit that Ironclad hired Cordes as its new Chief Executive Officer and Aisenberg as its Chief Financial Officer. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 15.

16.    Defendants deny the allegation in sentence 2 of paragraph 16 that they were terminated. Defendants admit the remaining allegations in this paragraph.

17.    Cordes admits sentences 1 and 2 in paragraph 17. Cordes denies the remaining allegations in this paragraph (beginning with "Section 6"). Aisenberg is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

18.    Cordes denies sentence 1 in paragraph 18. Cordes is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph. Aisenberg is without knowledge or information sufficient to form a belief as to the

---

[3] Defendants deny the allegations in this footnote.

truth of the allegations in sentence 1 of this paragraph. Aisenberg admits sentences 2 and 3 of this paragraph, and he denies the remainder (beginning with "Section 6")."[4]

19.    Defendants deny the allegations in paragraph 19.

20.    Defendants admit that they were named as individual defendants in a lawsuit brought by the acquirer of Walls styled *Williamson-Dickie Holding Company v. Audax Mezzanine Fund II, L.P.,* dc-14-08309 (Dist. Ct. – Dallas 2014), but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 20.

21.    Defendants admit that allegations were made against them in the lawsuit styled *Williamson-Dickie Holding Company v. Audax Mezzanine Fund II, L.P.,* dc-14-08309 (Dist. Ct. – Dallas 2014) but deny those allegations and deny the remaining allegations in paragraph 21 (beginning after "Walls alleged").

22.    Defendants admit that the Board interviewed them and discussed the allegations in the lawsuit styled *Williamson-Dickie Holding Company v. Audax Mezzanine Fund II, L.P.,* dc-14-08309 (Dist. Ct. – Dallas 2014) and that Defendants reported a settlement in the lawsuit, but deny the remainder of the allegations in sentences 1 and 3 of paragraph 22. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in sentence 2 of this paragraph (beginning with "The Board"). Defendants deny sentence 4 of this paragraph (beginning with "By settling").

23.    Defendants deny the allegations in paragraph 23.

**Revenue Recognition Principles**

24.    Paragraph 24 does not contain enough information for Defendants to admit or deny. To the extent a response is required, Defendants refer Plaintiffs to the exact statements

---

[4] Defendants admit that their employment agreements were amended in early 2017 to include guaranteed severance. Defendants deny the remaining allegations in this footnote.

made in Ironclad's 10-Ks for fiscal years 2014, 2015, and 2016 and deny any statements not made therein.

25.     Defendants admit the allegations in paragraph 25.

26.     Defendants are familiar with the term Generally Accepted Accounting Principles and can read the SEC webpage summarized in paragraph 26, but deny any conclusion in this paragraph not consistent therewith. To the extent a further response is required, denied.[5]

27.     Defendants deny the allegations in paragraph 27.

**Fiscal Year 2014
Cordes's and Aisenberg's First Year**

28.     Defendants admit that 2014 was their first year at Ironclad, but deny the other allegations in sentences 1 and 2 of paragraph 28. Defendants admit the allegations in sentence 3 of this paragraph. Defendants deny the allegations in sentences 4 and 5 of this paragraph.

**Fiscal Year 2015
Cordes's and Aisenberg's Second Year – The Fraud Begins**

29.     Defendants deny the allegations in paragraph 29.[6]

30.     Defendants deny the allegations in sentences 1 and 3 of paragraph 30. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in sentence 2 of this paragraph—to the extent a response is required, denied. Defendants admit that in the Q3 2015 Ironclad Results report Cordes stated that Ironclad "anticipate[d] Q4 2015 net sales to exceed Q4 2014 levels by 20%." Defendants deny the allegations in sentence 5 of this paragraph.

31.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in sentence 1 of paragraph 31—to the extent a response is

---

[5] This footnote contains no factual allegations and therefore requires no answer by Defendants. To the extent a response is required, denied.
[6] This footnote contains no factual allegations and therefore requires no answer by Defendants.

required, denied. Defendants admit the allegations in sentence 2 of this paragraph. Defendants

deny the allegations in sentences 3 and 4 of this paragraph.

32.     Defendants deny the allegations in paragraph 32.

33.     Defendants deny the allegations in sentence 1 of paragraph 33. Defendants

deny the recognition of any "phony sales," but are without knowledge or information

sufficient to form a belief as to the truth of the other allegations in sentence 2 of this

paragraph—to the extent a response is required, denied.

### Fourth Quarter 2015 – Meridian Global

34.     Defendants deny the characterization "bogus transaction," but are without

knowledge or information sufficient to form a belief as to the truth of the other allegations in

paragraph 34—to the extent a response is required, denied.

35.     Defendants admit the allegations in paragraph 35.

36.     Defendants are without knowledge or information sufficient to form a belief as

to the truth of the allegations in paragraph 36—to the extent a response is required, denied.

37.     Defendants are without knowledge or information sufficient to form a belief as

to the truth of the allegations in paragraph 37—to the extent a response is required, denied.

38.     Defendants deny the characterization "fictitious order," but are without

knowledge or information sufficient to form a belief as to the truth of the other allegations in

paragraph 38—to the extent a response is required, denied.

39.     Defendants are without knowledge or information sufficient to form a belief as

to the truth of the allegations in paragraph 39—to the extent a response is required, denied.

40.     Defendants are without knowledge or information sufficient to form a belief as

to the truth of the allegations in paragraph 40—to the extent a response is required, denied.

**Fourth Quarter 2015 – Pace Distributing #1**

41.    Defendants deny the characterization "false transaction," but are without knowledge or information sufficient to form a belief as to the truth of the other allegations in paragraph 41—to the extent a response is required, denied.

42.    Defendants admit that Cordes sent a letter to Pace Distributing on December 7, 2015 that said:

> "Per our discussions we will complete the attached order for Pace this month. Some of the order will be shipped to Canada. . . . At your request, some of the order, after billing, will be held for you in California at a separate warehouse until you can clear your Canada warehouse of some other products and reposition the goods there.
>
> As we also discussed, to help spread the inventory burden, we are providing extended terms to Pace on this year-end order. We are hopeful this is helpful as you plan to grow your business."

43.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43—to the extent a response is required, denied.

44.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44—to the extent a response is required, denied.

**Fourth Quarter 2015 – Pace Distributing #2**

45.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45—to the extent a response is required, denied.

46.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46—to the extent a response is required, denied.

47.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47—to the extent a response is required, denied.

48.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48—to the extent a response is required, denied.

**Fourth Quarter 2015 – Summit Work Apparel**

49.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49—to the extent a response is required, denied.

50.    Defendants deny that they fraudulently created the revenues from the Summit transaction. Defendants deny that the emails summarized by Plaintiff in the following paragraphs show any wrongdoing on the part of Defendants. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 50—to the extent a response is required, denied.

51.    Defendants deny the allegations in sentence 1 of paragraph 51, and deny that Habash was the owner of Summit. Cordes is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the email exchange with Habash detailed in this paragraph or that all relevant communications and contexts have been detailed. Defendants deny the remaining allegations in this paragraph.

52.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52—to the extent a response is required, denied.

53.    Aisenberg is without knowledge or information sufficient to form a belief as to the truth of the allegation that he received the email detailed in paragraph 53—to the extent a response is required, denied. Cordes is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph—to the extent a response is required, denied.[7]

54.    Aisenberg is without knowledge or information sufficient to form a belief as to the truth of the allegation that he received the email from Felton detailed in paragraph 54 or that he forwarded it to Cordes—to the extent a response is required, denied. Cordes is without

---

[7] Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this footnote—to the extent a response is required, denied.

knowledge or information sufficient to form a belief as to the truth of the allegation that he received the email from Aisenberg detailed in this paragraph—to the extent a response is required, denied.

55.    Defendants deny the characterization "false," but are without knowledge or information sufficient to form a belief as to the truth of the other allegations in paragraph 55—to the extent a response is required, denied.

56.    Cordes admits he sent a year-end update to the Board on January 4, 2016 stating:

> "At this point we are expecting revenues for the 4th quarter of 2015 to be approximately 8.3 million, a 9.0% drop from 2014. For the year, our expected totals are $23.5 million and 3.2% off 2014."

The update also explained that the drop from target was likely attributable to the industry difficulties many of Ironclad's big clients were facing:

> "This is a very difficult environment, especially in oil and gas. However, the industrial market in general is also hunkered down and afraid to move in many ways. Procurement managers that a year ago had $100k plus sign off authority now hold $1/10^{th}$ of that amount. Everyone wants new technology but their approach is more cautions with a slower initial ramp."

Cordes denies the remaining allegations in paragraph 56. Aisenberg is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph—to the extent a response is required, denied.

57.    Defendants deny that they had knowledge of any fraudulent sales of which to inform the Board and otherwise deny the allegations in paragraph 57.

**Fiscal Year 2016**
**First Quarter 2016 – Consolidated Companies of Canada**

58.    Defendants deny the allegations in paragraph 58.

59.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59—to the extent a response is required, denied.

60.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60—to the extent a response is required, denied.

61.     Defendants deny the allegations in sentence 1 of paragraph 61. Cordes admits that in the Q1 2016 Ironclad Results report he stated that Ironclad was "pleased to report a 10% increase in revenues this quarter."[8] Defendants deny the remaining allegations in this paragraph.

**Second Quarter 2016 – Meridian Global & Two Waters Trading**

62.     Defendants deny the allegations in sentence 1 of paragraph 62. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph—to the extent a response is required, denied.

63.     Defendants deny the allegations in sentence 1 of paragraph 63. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph—to the extent a response is required, denied.

64.     Aisenberg denies authorizing the conduct described in paragraph 64. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph—to the extent a response is required, denied.

65.     Defendants deny the characterizations "bogus sale" and "not a real customer," but are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65—to the extent a response is required, denied.

66.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66—to the extent a response is required, denied.

67.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67—to the extent a response is required, denied.

---

[8] This footnote contains no factual allegations and therefore requires no answer by Defendants. To the extent a response is required, denied.

68.    Defendants deny the allegations in sentence 2 of paragraph 68. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph—to the extent a response is required, denied.

69.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69—to the extent a response is required, denied.

70.    Defendants deny the allegations in paragraph 70.

**Fourth Quarter 2016**

71.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in sentence 1 of paragraph 71—to the extent a response is required, denied. Cordes denies the allegations in sentence 2 of this paragraph. Cordes admits that on October 17, 2016, he sent a September 2016 monthly update to the Board that stated:

> "We continue to gain momentum entering the last quarter of the year: Based on current estimates, we are well on our way to a solid Q4 with a revenue percentage increase forecasted at or above 20% over prior year totals and a potential up to $11.0 million."

Defendants deny the remaining allegations in this paragraph.

72.    Defendants deny the allegations in paragraph 72.

**Fourth Quarter 2016 – Action Specialties**

73.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73—to the extent a response is required, denied.

74.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74—to the extent a response is required, denied.

75.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75—to the extent a response is required, denied.

76.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76—to the extent a response is required, denied.

77.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77—to the extent a response is required, denied.[9]

### Fourth Quarter 2016 – Meridian

78.    Defendants deny the existence of any "bogus sale," but are without knowledge or information sufficient to form a belief as to the truth of the other allegations in paragraph 78—to the extent a response is required, denied.

79.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79—to the extent a response is required, denied.

80.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80—to the extent a response is required, denied.

81.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81—to the extent a response is required, denied.

82.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82—to the extent a response is required, denied.

83.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83—to the extent a response is required, denied.

84.    Defendants deny the allegations in paragraph 84.

### 2016 Summary

85.    Defendants admit that Ironclad's 10-K filed April 17, 2017 reported net sales of $24,986,878 for 2016, but deny that Ironclad "lost" $962,016. Defendants deny the remaining allegations in paragraph 85.

---

[9] The allegations in this footnote do not involve Defendants and no response is required by Defendants. To the extent a response is required, denied.

86.     Defendants deny the allegations in paragraph 86. Ironclad stated in its 8-K filed on July 6, 2017 that the total impact on net income of the allegations in paragraphs 58-84, supra, was at most $6,000.

**Whistleblowers**

87.     Defendants deny the allegations in paragraph 87.

88.     Defendants admit that the Board asked Defendants to explore a sale of the company, but Defendants deny any implication that they approached the Board for approval to do so. Defendants deny the allegations in sentence 2 of paragraph 88. Defendants admit the allegations of sentences 3 and 4 of this paragraph.

89.     Defendants deny the allegations in paragraph 89.

90.     Defendants admit that Ironclad filed an 8-K reporting its Fiscal Year 2016 Results report on March 9, 2017. Defendants deny the remaining allegations in paragraph 90.

91.     Defendants deny the allegations in sentence 1 of paragraph 91. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in sentence 2 of this paragraph—to the extent a response is required, denied.

92.     Defendants admit that they were interviewed by Skadden on June 29, 2017. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 92—to the extent a response is required, denied.

93.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 93—to the extent a response is required, denied.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Resignation**

94.    Defendants admit that they resigned from their respective positions with Ironclad on July 4, 2017. Defendants deny the remaining allegations in paragraph 94.

## VI. OBJECTION TO CLAIM

### Breach of Fiduciary Duty

95.    Defendants incorporate their responses to paragraphs 1 to 94 as if fully set forth here.

96.    Paragraph 96 contains no factual allegations and therefore requires no answer by Defendants. To the extent a response is required, denied.

97.    The allegations of paragraph 97 are legal conclusions to which no response is required and they are denied.

98.    The allegations of paragraph 98 are legal conclusions to which no response is required and they are denied.

99.    The allegations of paragraph 99 are legal conclusions to which no response is required and they are denied.

100.    The allegations of paragraph 100 are legal conclusions to which no response is required and they are denied.

101.    The allegations of paragraph 101 are legal conclusions to which no response is required and they are denied.

102.    The allegations of paragraph 102 are legal conclusions to which no response is required and they are denied.

### Fraudulent Inducement

103.    Defendants incorporate their responses to paragraphs 1 to 102 as if fully set forth here.

104.    The allegations of paragraph 104 are legal conclusions to which no response is required and they are denied.

105.    The allegations of paragraph 105 are legal conclusions to which no response is required and they are denied.

106.    The allegations of paragraph 106 are legal conclusions to which no response is required and they are denied.

107.    The allegations of paragraph 107 are legal conclusions to which no response is required and they are denied.

## Attorneys' Fees

108.    Defendants incorporate their responses to paragraphs 1 to 107 as if fully set forth here.

109.    The allegations of paragraph 109 are legal conclusions to which no response is required and they are denied.

## VII. COUNTERCLAIMS AND CAUSES OF ACTION AGAINST ALL DEFENDANTS

### First Cause of Action

### Breach of Fiduciary Duty

110.    Defendants incorporate their responses to paragraphs 1 to 109 as if fully set forth here.

111.    The allegations of paragraph 111 are legal conclusions to which no response is required and they are denied.

112.    The allegations of paragraph 112 are legal conclusions to which no response is required and they are denied.

113.    The allegations of paragraph 113 are legal conclusions to which no response is required and they are denied.

114.    The allegations of paragraph 114 are legal conclusions to which no response is required and they are denied.

115.    The allegations of paragraph 115 are legal conclusions to which no response is required and they are denied.

<div align="center">

**Second Cause of Action**

**Civil RICO (18 U.S.C. § 1962(c))**

</div>

116.    Defendants incorporate their responses to paragraphs 1 to 115 as if fully set forth here.

117.    The allegations of paragraph 117 are legal conclusions to which no response is required and they are denied.

118.    The allegations of paragraph 118 are legal conclusions to which no response is required and they are denied.

119.    The allegations of paragraph 119 are legal conclusions to which no response is required and they are denied.

120.    The allegations of paragraph 120 are legal conclusions to which no response is required and they are denied.

121.    The allegations of paragraph 121 are legal conclusions to which no response is required and they are denied.

122.    The allegations of paragraph 122 are legal conclusions to which no response is required and they are denied.

123.    The allegations of paragraph 123 are legal conclusions to which no response is required and they are denied.

### Third Cause of Action

### Declaratory Judgment

124.    Defendants incorporate their responses to paragraphs 1 to 123 as if fully set forth here.

125.    The allegations of paragraph 125 are legal conclusions to which no response is required and they are denied.

126.    The allegations of paragraph 126 are legal conclusions to which no response is required and they are denied.

127.    The allegations of paragraph 127 are legal conclusions to which no response is required and they are denied.

128.    The allegations of paragraph 128 are legal conclusions to which no response is required and they are denied.

129.    The allegations of paragraph 129 are legal conclusions to which no response is required and they are denied.

130.    The allegations of paragraph 130 are legal conclusions to which no response is required and they are denied.

### Fourth Cause of Action

### Breach of Contract

131.    Defendants incorporate their responses to paragraphs 1 to 130 as if fully set forth here.

132.    The allegations of paragraph 132 are legal conclusions to which no response is required and they are denied.

133.    The allegations of paragraph 133 are legal conclusions to which no response is required and they are denied.

134.    The allegations of paragraph 134 are legal conclusions to which no response is required and they are denied.

135.    The allegations of paragraph 135 are legal conclusions to which no response is required and they are denied.

### Fifth Cause of Action

### Faithless Servant

136.    Defendants incorporate their responses to paragraphs 1 to 135 as if fully set forth here.

137.    The allegations of paragraph 137 are legal conclusions to which no response is required and they are denied.

138.    The allegations of paragraph 138 are legal conclusions to which no response is required and they are denied.

139.    The allegations of paragraph 139 are legal conclusions to which no response is required and they are denied.

140.    The allegations of paragraph 140 are legal conclusions to which no response is required and they are denied.

141.    The allegations of paragraph 141 are legal conclusions to which no response is required and they are denied.

142.    The allegations of paragraph 142 are legal conclusions to which no response is required and they are denied.

143.    To the extent not expressly admitted herein, Defendants deny the allegations in paragraphs 1-142.

### VIII. CONCLUSION AND PRAYER

This clause and its subparts contain no factual allegations and therefore require no response by Defendants. To the extent a response is required, denied.

## IX. AFFIRMATIVE DEFENSES

### First Affirmative Defense

144.    The Complaint fails to state a claim for which relief can be granted.

### Second Affirmative Defense

145.    The Complaint fails to allege or plead a Breach of Fiduciary Duty based on fraudulent conduct with particularity.

### Third Affirmative Defense

146.    The Complaint fails to allege or plead Fraudulent Inducement with particularity.

### Fourth Affirmative Defense

147.    The Complaint fails to allege or plead Civil RICO (18 U.S.C. §1962(c)) with particularity.

### Fifth Affirmative Defense

148.    The Complaint fails to allege or plead a plausible claim for Declaratory Judgment.

### Sixth Affirmative Defense

149.    The Complaint fails to allege a Breach of Contract claim upon which relief can be granted.

### Seventh Affirmative Defense

150.    Faithless Servant, as alleged in the Compliant, is not a viable cause of action.

### Eighth Affirmative Defense

151.    Plaintiff's alleged damages were not proximately caused by the conduct of Defendants.

**Ninth Affirmative Defense**

152.    Plaintiff did not incur the damages alleged.

**Tenth Affirmative Defense**

153.    Plaintiff's claims against Defendants are barred because Defendants acted in good faith and did not directly or indirectly induce the act or acts constituting the alleged primary violations or causes of action so as to render Defendants controlling persons.

**Eleventh Affirmative Defense**

154.    Plaintiff's claims are barred, in whole or in part, because it failed to use due diligence to protect its own interests.

**Twelfth Affirmative Defense**

155.    Plaintiff's claims are barred, in whole or in part, by its failure to mitigate damages, exercise due care, or act reasonably to protect itself from damages.

**Thirteenth Affirmative Defense**

156.    Plaintiff's claims are barred by, or its alleged damages are reduced by, Plaintiff's contributory or comparative fault, proportionate responsibility, and/or assumption of the risk.

**Fourteenth Affirmative Defense**

157.    Plaintiff's claims are barred, in whole or in part, by waiver, estoppel, laches, and/or ratification.

**Fifteenth Affirmative Defense**

158.    Plaintiff's claims are barred by the doctrine of unclean hands.

**Sixteenth Affirmative Defense**

159.    Plaintiff's claims fail, in whole or in part, because the alleged misstatements or omissions alleged in the Complaint were not material.

**Seventeenth Affirmative Defense**

160.    Plaintiff's claims fail, in whole or in part, because the misstatements or omissions alleged in the Complaint were not made with the requisite scienter.

**Eighteenth Affirmative Defense**

161.    Plaintiff's claims fail, in whole or in part, because Defendants did not employ devices, schemes, or artifices to defraud or engage in any acts or practices which operated as a fraud or deceit upon Plaintiff or any other persons.

**Nineteenth Affirmative Defense**

162.    Plaintiff's claims fail, in whole or in part, because Defendants did not make any misstatements.

**X. COUNTER/CROSSCLAIMS AGAINST PLAINTIFF AND DEBTORS**

163.    Defendants' Counter/Crossclaims are brought against Plaintiff Original Committee of Equity Security Holders of ICPW Liquidation Corporation and Debtors ICPW Liquidation Corporation, a California corporation and ICPW Liquidation Corporation, a Nevada corporation. Defendants were in contractual privity with Debtors (or the entities they represent that existed before the filing of this bankruptcy) (together sometimes referred to as "Ironclad"). Both of Defendants' Counter/Crossclaims stem from such contractual privity and thus are asserted as Crossclaims against Debtors. To the extent Plaintiff stands in the shoes of Debtors by way of its standing in this bankruptcy, Defendants' Counter/Crossclaims are asserted as Counterclaims against Plaintiff.

164.    Defendants' Counter/Crossclaims are brought herein out of an abundance of caution and, for the sake of clarity, to avoid any misconstruction that by failing to bring same Defendants somehow waived their claims in this bankruptcy. As set forth in Defendants' respective bankruptcy claim nos. 7 and 8 (as amended, the "POCs"), the right to payment

under the POCs is based on the same underlying obligations as Defendants' Counter/Crossclaims. The Counter/Crossclaims are asserted herein an effort to recover the requested relief to which Defendants are entitled. Since Plaintiff objected to Defendants' POCs in the Complaint, Defendants bring the Counter/Crossclaims so that the allowance of the POCs can be determined in this single, consolidated proceeding.

### First Counter/Crossclaim

### Breach of Contract

165.    Defendants each entered into employment agreements with Ironclad in 2014. In 2017, Ironclad and Defendants negotiated changes to Defendants' respective employment agreements. The amendments stated:

> "Notwithstanding the foregoing, in the event your employment is terminated:
>
> (B) . . . the Company shall continue to pay your then-current base salary for a period of six (6) months following the effective date of such termination."

166.    On July 4, 2017, Defendants resigned from Ironclad.

167.    On or about August 21, 2017, Defendants sent Ironclad separate written demands for the severance payments to which they were entitled consistent with Section 6(b) of their respective amended employment agreements. Ironclad did not respond to the written demands.

168.    Defendants each had valid and enforceable contracts with Ironclad. Defendants each performed under their respective contracts. Ironclad breached the contracts. Defendants incurred damages as a result of and caused by Ironclad's breaches.

169.    Plaintiff and Ironclad are liable to Cordes for $150,000 plus pre- and post-award interest, to Aisenberg for $112,500 plus pre- and post-award interest, and to Defendants for the reasonable and necessary attorneys' fees incurred in prosecuting their claims to recover moneys owed to them.

**Second Counter/Crossclaim**

**Attorneys' Fees, Costs, and Expenses**

170.    Defendants seek recovery of their attorneys' fees, costs, and expenses associated with their defense against Plaintiff and Ironclad, pursuant to Ironclad's Charter and Defendants' respective Indemnification Agreements with Ironclad.

171.    Defendants are entitled to indemnification and reimbursement of all costs, fees, and expenses incurred in the reasonable and necessary course of this lawsuit.

172.    Defendants are also entitled to advancement of their cost, fee, and expense indemnification/reimbursement. Defendants ask that this Court order Plaintiff and Ironclad to advance indemnification costs incurred for every calendar month within 30 days of a written indemnity/reimbursement request provided by Defendants.

## XI. MOTION TO STRIKE

173.    Defendants move this Court, pursuant to Federal Rule of Civil Procedure 12(f), to strike paragraphs 12(c) and 133 (in part) in Plaintiff's Complaint as immaterial, impertinent, and scandalous.

174.    In paragraph 12(c) of the Complaint, Plaintiff states that Defendants "repeatedly violated numerous securities laws." In paragraph 133 of the Complaint, Plaintiff states that Defendants "commit[ed] violations of law." These statements are not supported by any facts. And Plaintiff does not bring any causes of action on these alleged illegal acts or allege the elements thereof.

175.    Federal Rule of Civil Procedure 12(f) authorizes this Court to strike "immaterial, impertinent, or scandalous" matters from a pleading.

176.    "'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure §1382 (1990). "'Impertinent' matter consists of statements

that do not pertain, and are not necessary, to the issues in question." *Id.* "Finally, 'scandalous' matter is that which improperly casts a derogatory light on someone, most typically a party to the action." *Id.*

177.    Paragraphs 12(c) and 133 (in part) incorporate statements that are not factually supported, inadmissible (FED. R. EVID. 402.), and irrelevant, and which serve no purpose other than to inflame—they are immaterial and impertinent to Plaintiff's claims for relief. Plaintiff's purpose behind these salacious statements was made clear by the prompt publication of the Complaint after filing. Such statements and behavior is prejudicial to Defendants and should not be condoned.

178.    To avoid continued prejudice by Plaintiff's tactics, Defendants ask this Court to strike paragraph 12(c) and the reference to "committing violations of law" in paragraph 133 of Plaintiff's Complaint.

Dated: February 23, 2018

<div style="margin-left:40%">

Respectfully submitted,

By: */s/ Shiva Delrahim Beck*
    Shiva Delrahim Beck

Shiva Delrahim Beck (SBN 228841)
Email: sbeck@gardere.com
Todd A. Murray (*Pro Hac Vice*)
Email: tmurray@gardere.com
Thomas C. Scannell (*Pro Hac Vice*)
Email: tscannell@gardere.com
Andrew A. Howell (Pro Hac Vice)
Email:  ahowell@gardere.com
Abigail K. Drake (Pro Hac Vice)
Email:  adrake@gardere.com
GARDERE WYNNE SEWELL LLP
2021 McKinney Avenue, Suite 1600
Dallas, Texas 75201
(214) 999-3000
(214) 999-4667 (fax)

Attorney for William M. Aisenberg and Jeffrey Cordes

</div>

### PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

2021 McKinney Avenue, Suite 1600, Dallas, TX 75201.

A true and correct copy of the foregoing document entitled: **CLAIMANTS AND DEFENDANTS' ORIGINAL ANSWER, SUBJECT TO 12(B)(6) MOTION TO DISMISS, TO PLAINTIFF'S OBJECTION TO CLAIM NO. 7.1 AND CLAIM NO. 8.1 PURSUANT TO FRBP 3007 AND COMPLAINT, WITH AFFIRMATIVE DEFENSES, COUNTER/CROSSCLAIMS AGAINST PLAINTIFF AND DEBTORS, AND MOTION TO STRIKE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) February 23, 2018, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- United States Trustee (SV) ustpregion16.wh.ecf@usdoj.gov (United States Trustee)

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) February 23, 2018, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

| **Debtor** | **Debtor** |
|---|---|
| ICPW Liquidation Corporation, | ICPW Liquidation Corporation, |
| a CA corporation | a Nevada corporation |
| 15260 Ventura Blvd., 20th Floor | 15260 Ventura Blvd., 20th Floor |
| Sherman Oaks, CA 91403 | Sherman Oaks, CA 91403 |
| | |
| Andrew T Solomon | Counsel for Plaintiff Official Committee of |
| Solomon & Cramer LLP | Equity Security Holders of ICPW Liquidation |
| 1441 Broadway, Suite 6026 | Corporation, a Nevada corporation |
| New York, NY 10018-1905 | T: 212 884 9102 / F: 516 368 3896 |
| | E: asolomon@solomoncramer.com |

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) February 23, 2018, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**Judge's Copy – VIA OVERNIGHT**

Hon. Martin R. Barash
United States Bankruptcy Court
21041 Burbank Boulevard, Suite 342
Woodland Hills, CA 91367

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 2/23/2018 | Shiva Delrahim Beck | /s/ Shiva Delrahim Beck |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |